UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MACE,

    Plaintiff,

v.                                                                                          Case No:   2:20-cv-591-JLB-NPM

M&T BANK,

    Defendant.

## ORDER

Defendant M&T Bank (the "Bank") moves to dismiss Plaintiff Kenneth Mace's Complaint under Federal Rule of Civil Procedure 12(b)(6).   (Docs. 4, 8.)  Mr. Mace is suing the Bank primarily for damaging a property that the Bank temporarily owned due to a foreclosure judgment and resultant sale.   Both the judgment and the sale were reversed after Mr. Mace successfully appealed, but the property was returned to him in a dilapidated state.

Instead of challenging Counts I (negligence) and II (unjust enrichment) as pleaded, the Bank's motion relies primarily on the affirmative defense that it cannot be liable to Mr. Mace because, at all relevant times, it acted under then-valid court orders.   It is unclear whether this defense is applicable to the facts alleged in the Complaint, which the Court must view in the light most favorable to Mr. Mace.  The Court therefore finds that the Bank's argument as to Counts I and II is premature.   But the Court will require Mr. Mace to amend his malicious

prosecution claim in Count IV. Accordingly, the Bank's Motion (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND[1]

This removal action arose from a series of foreclosures that the Bank launched against Mr. Mace in Florida state court. Between 2007 and 2012, the Bank attempted to foreclose on Mr. Mace's property three separate times. (See Doc. 4 at 2–3.) The Complaint implies that the property was not Mr. Mace's personal residence, but instead an investment property that he was renting to a third party. (Id. at 4.) Ultimately, the Bank was unsuccessful in these three foreclosure attempts, and the state trial court dismissed each action. (Id. at 2–3.)

The focus of Mr. Mace's Complaint is the Bank's fourth and final foreclosure action, commenced on April 16, 2015. The Bank obtained a final judgment of foreclosure on July 21, 2016. (Doc. 4 at 3.) Mr. Mace appealed this judgment, hoping to stay the foreclosure pending resolution of that appeal; he also sought to

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

cancel the Bank's sale of the property.  (Id.)  His attempts were unsuccessful, and the Bank purchased the property at a public sale on August 26, 2019.  (Id.)

Nearly three and a half years later, however, the Florida Second District Court of Appeal ("Second DCA") reversed the final judgment of foreclosure with instructions to dismiss the foreclosure action on remand.  Mace v. M&T Bank, 292 So. 3d 1215, 1232 (Fla. 2d DCA 2020).  As a result, on May 26, 2020, the state trial court vacated its final judgment of foreclosure and the foreclosure sale, returning ownership of the property to Mr. Mace.  (Doc. 4 at 4.)  But according to Mr. Mace, the property had become worthless.  (Doc. 4 at 4.)  Specifically, Mr. Mace alleges that the Bank allowed the previously marketable property to fall into a state of "extreme disrepair."  (Id.)  In fact, the county even condemned the property as "unfit for human occupancy" and scheduled the property's demolition.  (Id.)

Mr. Mace now sues the Bank for negligence (Count I), unjust enrichment (Count II), conversion (Count III), and malicious prosecution (Count IV).[2]  He seeks damages for the cost of repairing or replacing the property, along with lost rent.  (See Doc. 4.)  The Bank, for its part, argues that Mr. Mace's claims fail as a matter of law because the Bank was the rightful property owner from August 26, 2016 (the date of the sale in the fourth foreclosure action) to May 26, 2020 (the date when the state trial court reversed the sale).  Lastly, the Bank argues that Mr.

---

[2] Mr. Mace represents that he is voluntarily dismissing his claim for conversion. (Doc. 12 at 4 n.2.)

Mace has not properly pleaded lack of probable cause, a necessary element of malicious prosecution, so the fourth claim also fails.

## DISCUSSION

I. **As to Counts I and II, the Bank is Raising an Affirmative Defense Which Does Not Appear on the Face of the Complaint**.

"Federal courts sitting in diversity apply the substantive law of the state in which the case arose." Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132 (11th Cir. 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). The Bank moves for dismissal of Counts I and II, and relies almost exclusively on Laird v. Vogel, 334 So. 2d 650, 651 (Fla. 3d DCA 1976) for the proposition that it cannot be liable for any damage to the property during the Bank's ownership (i.e., until the Second DCA reversed the state trial court's final judgment of foreclosure).[3] Accordingly, a summary of Laird is instructive.

There, the Florida Third District Court of Appeal ("Third DCA") affirmed summary judgment for defendants Charlotte Vogel and Herman Cohen, holding that "[a] judgment or decree which is voidable . . . affords complete protection to one who acts in reliance upon the adjudication." 334 So. 2d at 651. The underlying dispute grew out of a tax sale of plaintiff Agnes Laird's property. Id. at 650. Despite previously representing Ms. Laird, Mr. Cohen represented Ms. Vogel (his sister) in the unlawful detainer action against Ms. Laird. The state trial court

---

[3] The Bank also cites Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) in passing. But that case dealt with the absolute quasi-judicial immunity law enforcement officers enjoy from civil rights actions under 42 U.S.C. § 1983 when acting in furtherance of their official duties and relying on a facially valid court order. Id.

- 4 -

entered an order of possession and a writ of assistance in Ms. Vogel's favor. Id. That same trial court later rescinded its judgment and order, restoring Ms. Laird as the owner, but not before Ms. Vogel removed Ms. Laird's belongings and damaged them in the process. Id. Thus, Ms. Laird sued Ms. Vogel and Mr. Cohen for fraud, deceit, malicious prosecution, and abuse of process. Id.

The Third DCA held that Ms. Laird did "not have an action against" Ms. Vogel and Mr. Cohen. Id. at 651. In reaching this conclusion, the court reasoned that the "law demands that [the courts] uphold actions authorized by an order of the court and taken under a presumptively valid tax deed." Id. In other words, even assuming Ms. Vogel damaged Ms. Laird's property, Ms. Vogel was not liable for that damage because the state trial court's ruling afforded Ms. Vogel complete protection up to and until the trial court's rescission of the same. Id. The Third DCA so held despite the unique relationship between Ms. Laird and Mr. Cohen given "his apparent knowledge of the circumstances surrounding Ms. Laird's property at the time of the tax sale." Id.

The Bank argues that Laird necessarily requires dismissal of Counts I and II because the Bank temporarily took title to the property under a then-valid judgment which was reversed on appeal. In essence, the Bank is raising an affirmative defense. See State Farm Mut. Auto. Ins. Co. v. Curran, 135 So. 3d 1071, 1079 (Fla. 2014) ("An affirmative defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability." (citing St. Paul Mercury

Ins. Co. v. Coucher, 837 So.2d 483, 487 (Fla. 5th DCA 2002))); see also In re Kmart Corp, No. 02 B 02474, 2006 WL 952042, at *9 n.25 (Bankr. N.D. Ill. Apr. 11, 2006) (in discussing Laird, noting that "parties who had taken action in reliance on an invalid order were protected against personal liability for damages resulting from such actions; they were able to assert the order as an affirmative defense, in whole or in part, to liability") (emphasis added); Rutuelo v. State, 449 N.Y.S.2d 419, 469 (N.Y. Ct. Cl. 1982) (noting that the state trial court's order in Laird "provided a complete defense to the action").

Such an argument is premature at this juncture. The Eleventh Circuit has explained that "generally, the existence of an affirmative defense will not support a Rule 12(b)(6) motion to dismiss for failure to state a claim." Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993). "Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).

The Bank's defense of "reliance"—as specifically set forth in Laird—does not "clearly appear[] on the face of [Mr. Mace's] complaint." Id. at 1069. In particular, the Court has doubts about whether Laird applies to the pleaded facts of this case, in which the Bank is both the mortgagee and the purchaser. Over a decade after Laird, the Third DCA reaffirmed that the "general rule is that one who surrenders property under an erroneous judgment is entitled to be restored to all that he has

lost in the event of a reversal of judgment." Baum v. Heiman, 528 So. 2d 63, 63 (Fla. 3d DCA 1988) (emphasis added) (citing State ex rel. Hill v. Hearn, 99 So. 2d 231 (Fla. 1957)). The Supreme Court of Florida has also clarified that while third-party purchasers (like Ms. Vogel in Laird) are not liable for restitution under an erroneous judgment, parties to the record (like the Bank here) may be liable to the party prevailing under the erroneous judgment (like Mr. Mace). See Sundie v. Haren, 253 So. 2d 857, 859 (Fla. 1971) ("[T]he person required to make restitution [must have been] connected with the litigation. It is settled law that reversal of the decree on appeal does not affect the rights under that decree as to persons who were not parties to the appeal."); see also Simms v. City of Tampa, 42 So. 884, 885 (Fla. 1906) ("It is well settled that restitution, on reversal of a judgment, can be compelled only from parties to the record.").

Here, unlike Ms. Vogel in Laird, the Bank obtained the foreclosure judgment leading to the public auction at which it purchased the property. It did so while knowing Mr. Mace had appealed that judgment and a reversal was possible. While Laird may protect bona fide purchasers from a subsequently reversed judgment, it is not clear if the Bank here may enjoy that same protection. Ultimately, the Federal Rules of Civil Procedure do not require Mr. Mace "to negate an affirmative defense in [his] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citation and quotation omitted). As such, a Rule 12(b)(6) dismissal is appropriate only if it is apparent from the face of the Complaint that

Laird applies. And for the reasons set forth above, the Laird defense is not apparent from the face of the Complaint.

**II.     Mr. Mace Has Not Established a Claim for Malicious Prosecution.**

The tort of malicious prosecution has six elements: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1309 (11th Cir. 2019) (citing Mancusi, 632 So. 2d at 1355).

Here, Mr. Mace clarifies that his malicious prosecution claim is limited only to the fourth foreclosure action. (Doc. 12 at 4.) But the Complaint states in a wholly conclusory manner that the Bank "had no probable cause to bring and to maintain" the fourth foreclosure action and that the Bank "acted intentionally and maliciously." (Doc. 4 at 7.) As the Bank correctly notes, these threadbare recitations of the elements for a malicious prosecution claim do not satisfy the applicable pleading standard. Thus, the Court will dismiss Count IV of Mr. Mace's Complaint and grant Mr. Mace leave to amend that claim.

## CONCLUSION

Based upon the foregoing, the Bank's motion is due to be granted in part and denied in part. The Bank's argument that it is not liable to Mr. Mace for any damage during the Bank's ownership of the property pursuant to a then valid court order is premature at the pleading stage. The Court will, however, require Mr. Mace to amend his claim of malicious prosecution.

Accordingly, it is hereby **ORDERED** that:

1. The Bank's Motion to Dismiss (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**.

2. **On or before March 9, 2021**, Mr. Mace must file an Amended Complaint consistent with this Order, which permits leave to amend Count IV—malicious prosecution—of the Complaint. The Court notes that Mr. Mace intends to voluntarily dismiss Count III—conversion—of the Complaint.

3. The Bank's Motion to Dismiss (Doc. 8) is **DENIED** to the extent it seeks any greater or different relief.

**ORDERED** at Fort Myers, Florida, on February 23, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE