IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MACE,

  Plaintiff,

v.                                                          Case No. 20-CV-00591-JLB-NPM

M&T BANK,

  Defendant.

_____/

**DEFENDANT M&T BANK'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant M&T Bank ("M&T") submits this answer and affirmative defenses to the complaint, showing as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. Admit to the extent Plaintiff seeks damages exceeding $30,000.00. Deny that Plaintiff suffered damage or that Plaintiff is entitled to any relief in this action.

2. Admit that Plaintiff is the current owner of the subject property.

3. Admit solely for jurisdictional purposes.

**FACTS**

4. Deny.

5. Admit that M&T Bank is the holder of a note and mortgage encumbering the property owned by Plaintiff.

First Foreclosure Case

6. Admit.

7. Admit.

8. Admit to the extent a final judgment of foreclosure was ultimately entered in the 2007 foreclosure action. Deny as to the remaining allegations.

9. Admit.

10. Admit.

11. Deny. M&T took no such additional steps to enforce the judgment in the 2007 foreclosure action.

## Second Foreclosure Case

12. Admit.

13. Admit.

14. Deny. The 2009 foreclosure action was dismissed by the Court upon consideration of the report and recommendation of the magistrate on February 18, 2011.

## Third Foreclosure Case

15. Admit.

16. Admit to the extent the dismissal purports to be "with prejudice." Deny to the extent this allegation claims the dismissal was entered on August 13, 2013 and that a dismissal with prejudice of the 2012 foreclosure action would act to bar any further foreclosure efforts.

## Fourth Foreclosure Case

17. Admit.

18. Admit to the extent a judgment was entered. Denied as to the date as the judgment was rendered on July 22, 2016.

19. Admit.

20. Admit.

21. Admit to the extent the property was sold at a foreclosure sale on August 26, 2016. Deny as to the remaining allegations.

22. Admit to the extent M&T was the high bidder at the August 26, 2016 foreclosure sale. Deny to the extent that M&T did not become the owner of the property on that date.

23. Deny as to the condition of the property. Admit that, upon information and belief, Plaintiff was leasing the property to third parties.

24. Admit.

25. Admit.

26. Admit to entry of the order. Deny to the extent such an order would have been required subsequent to entry of the dismissal order recited in Paragraph 25 above.

Destruction of the Property Under Defendant's Watch

27. Deny. M&T undertook substantial efforts to maintain the property during its period of ownership.

28. Deny.

29. Admit to the extent the property fell into a state of disrepair after Plaintiff seemingly retook possession of the property and advised M&T's vendor, Mortgage Specialists International, and a local sheriff's deputy that Plaintiff intended to lease the property to third parties in November 2018.

30. Deny.

31. Deny.

**COUNT I – NEGLIGENCE**

32. M&T incorporates herein by reference its responses to Paragraphs 1-31.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny. Specifically, Plaintiff failed to provide notice pursuant to Paragraph 20 of the mortgage by failing to give notice of his claims. Plaintiff's unnumbered "WHEREFORE" paragraph, including subparts and all relief requested therein, is denied.

## COUNT II - UNJUST ENRICHMENT

38. M&T incorporates herein by reference its responses to Paragraphs 1-31.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny. Specifically, Plaintiff failed to provide notice pursuant to Paragraph 20 of the mortgage by failing to give notice of his claims. Plaintiff's unnumbered "WHEREFORE" paragraph, including subparts and all relief requested therein, is denied.

## AFFIRMATIVE DEFENSES

I. Failure of Conditions Precedent. Plaintiff failed to provide notice pursuant to Paragraph 20 of the mortgage by failing to give notice of his claims to M&T.

II. License. M&T's actions were all taken pursuant to a lawful final judgment of foreclosure, a then-valid foreclosure sale, and a then-valid certificate of title to M&T, making it the owner of the property. Until vacated or reversed, the lawful final judgment and sale provided M&T with license to maintain and care for the property.

III. Privilege. M&T's conduct is privileged by virtue of the entry of the final judgment of foreclosure in its favor and subsequent sale of the property to M&T. Although the final judgment, foreclosure sale, and certificate of title were vacated after the conclusion of Plaintiff's appeal, that fact does not disturb the inevitable conclusion that M&T acted within its rights under the final judgment and certificate of title when they were in place.

IV. Contributory Negligence. In November 2018, Plaintiff indicated to M&T's vendor and a local sheriff's deputy that Plaintiff was retaking possession of the property and that Plaintiff intended to lease the property to third parties. Subsequently, Plaintiff failed to properly maintain the property after taking possession or, alternatively, Plaintiff leased the property to third parties who caused the claimed damage to the property.

V. Intervening Acts by Third Parties. Plaintiff leased the property to third parties who then damaged the property or, alternatively, unauthorized occupants took possession of the property and caused damage. M&T states that the sole, legal and proximate cause of Plaintiff's claimed were due to the actions, omissions, and fault of third parties over whom M&T had no dominion or control.

VI. Offset. Any recovery by Plaintiff in this action must be offset by the amounts owed by Plaintiff to M&T relating to the note and mortgage. As of the time of filing this answer, Plaintiff owes outstanding principal in the amount of $480,000.00, plus interest, escrow items, and corporate advances.

VII. Statute of Limitations. Part or all of Plaintiff's negligence and unjust enrichment claims are barred by the applicable statute of limitations.

VIII. Failure to State a Cause of Action – Negligence. M&T states that Plaintiff has failed to state a cause of action for negligence upon which relief may be granted. To maintain a

  cause of action sounding in negligence, Plaintiff must establish three elements: (1) the existence of a duty recognized by law requiring the Defendants to conform to a certain standard of care for the protection of others including the Plaintiff, (2) a failure on the part of the Defendants to perform that duty; and (3) an injury or damage to the Plaintiff proximately caused by failure. *Fla. Power & Light Co., v. Lively,* 465 So. 2d 1270 (Fla. 3d DCA 1985). Plaintiff has failed to allege M&T owed him a duty recognized by law.

IX. Failure to State a Cause of Action – Unjust Enrichment. M&T states that Plaintiff has failed to state a cause of action for unjust enrichment as Plaintiff has failed to set forth any benefit conferred by Plaintiff to M&T and Plaintiff has failed to allege any voluntary acceptance of a benefit by M&T. Further, Plaintiff cannot allege any inequity of M&T keeping any alleged benefit as the property was restored to Plaintiff.

              Respectfully submitted,

              */s/ Adam J. Knight*
              Jacqueline Simms-Petredis, Esq.
              (FL Bar 906751)
              Primary Email: jsimms-petredis@burr.com
              Secondary Email: anolting@burr.com;
              dmorales@burr.com; mguerra@burr.com
              Adam J. Knight, Esq.
              (FL Bar 69400)
              Primary Email: aknight@burr.com
              Secondary Email: anolting@burr.com;
              dmorales@burr.com; mguerra@burr.com
              **BURR & FORMAN LLP**
              201 N. Franklin Street, Suite 3200
              Tampa, FL 33602
              Telephone: (813) 221-2626
              Facsimile: (813) 221-7335
              *Counsel for M&T Bank*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on March 31, 2021, I electronically filed the foregoing with by using the CM/ECF system which will electronically serve copies to:

Blake J. Fredrickson, Esq.
5100 W. Kennedy Blvd., Suite #100
Tampa, Florida 33609
admin@cremeenslaw.com
foreclosures@cremeenslaw.com
*Counsel for Plaintiff*

                                        */s/ Adam J. Knight*
                                        Adam J. Knight, Esq.